FILED
United States Court of Appeals
Tenth Circuit

August 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

v.

JIMMY LEE SHARBUTT,

Appellant.

No. 07-5151

N.D. Okla.

(D.C. No. 02-CR-00078-JHP-1)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Jimmy Lee Sharbutt, a federal prisoner appearing *pro se*[1] and *in forma pauperis*, appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Sharbutt contends his counsel was ineffective for failing to object to a sentencing enhancement imposed under the penalty provisions of the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e). Specifically he

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

claims one of the predicate crimes, a second-degree burglary, was included in violation of *Shephard v. United States*, 544 U.S. 13 (2005). We granted a limited Certificate of Appealability (COA) and ordered the government to file a responsive brief addressing the following issues: (1) whether, consistent with *Shephard*, the government presented sufficient evidence of at least three predicate offenses; and if not, (2) whether Sharbutt suffered from ineffective assistance of counsel. Having reviewed the government's response and Sharbutt's reply, we AFFIRM.

## I. BACKGROUND

Sharbutt was charged in a two-count superseding indictment with possession of a firearm after former conviction of a felony in violation of 28 U.S.C. §§ 922(g)(1) and 924(e) (Count I); and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count II). After the court granted Sharbutt's motion to sever the counts for purposes of trial, a jury found him guilty of Count I. The court subsequently granted the government's motion to dismiss Count II.

At sentencing, the district court applied the ACCA, which "mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies." *Shepard,* 544 U.S. at 15. Sharbutt was deemed an Armed Career Criminal based upon the

presence report's identification of three prior convictions committed on different occasions: a conviction in Oklahoma County on June 20, 1980, at the age of 19 for Second Degree Burglary and two later convictions for Robbery with Firearms. Sharbutt was sentenced to 262 months imprisonment.

Sharbutt appealed, arguing the district court erred by denying several evidentiary motions. On January 5, 2005, we affirmed his conviction and sentence. *United States v. Sharbutt*, 120 Fed.Appx. 244 (10th Cir. 2005), *cert. denied*, 546 U.S. 1097 (2006).

Sharbutt filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. *See United States v. Sharbutt*, Nos. 02-CR-78-JHP, 06-CV-600-JHP-FHM, 2007 WL 1894274 (N.D. Okla. July 2, 2007). It also denied his subsequent request for a COA. Sharbutt renewed his request here, raising only the claim he received ineffective assistance when his counsel failed to challenge the ACCA sentencing enhancement based on his conviction for second degree burglary. We granted a COA on this issue.

## II. DISCUSSION

To succeed on his claim of ineffective assistance of counsel, Sharbutt must show his counsel was ineffective under the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires two components; first, "[t]he defendant must show that counsel's performance was deficient." *Id.* at

687. This means Sharbutt must establish "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Sharbutt "must show that the deficient performance prejudiced the defense"; counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Failure to succeed in demonstrating either component is fatal to Sharbutt's claim. *Id.* at 697. Because the government's submission to our request for argument vitiated any claim of prejudice, we need not reach the first prong. *Id.* at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

A "burglary" is a "violent felony" under the ACCA if the conviction is for any crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990); 18 U.S.C. § 924(e)(2)(B)(ii). This is known as a generic burglary. *Id.* at 598. The Oklahoma statute defining Sharbutt's crime, second degree burglary, is non-generic. Under the statute, a conviction may be based on entry of a vessel or vending machine as well as a building. Thus, the court was required to determine whether his prior conviction qualified as a "violent felony" under the ACCA. To do so, we apply a "categorical approach." *See Taylor*, 495 U.S. at 602.

-4-

Generally, the sentencing court must "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* However, where the statutory definition of the state crime of conviction encompasses both crimes that would qualify as a "violent felony" and crimes that would not, a broader inquiry is permissible. *Id.* (addressing a conviction based on a jury verdict). Sharbutt claims his counsel was ineffective because he did not require the government to prove Sharbutt's conviction was for a violent felony under the ACCA.

Even assuming Sharbutt's counsel should have objected to the presentence report ("PSR") under *Taylor*, the government established it would have been able to prove Sharbutt's conviction was appropriately considered at sentencing. In *Shephard*, the Supreme Court held the sentencing court, when considering a guilty plea for a burglary conviction under a non-generic statute, is generally limited "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16. Here, the government supplied the indictment in Sharbutt's second degree burglary conviction. The indictment leaves no doubt Sharbutt was convicted for burglary by entering a building, a violent felony as described in the ACCA. *Taylor*, 499 U.S. at 599. Therefore, he was not prejudiced by his attorney's failure to object to the PSR as any objection would have been without merit.

**AFFIRMED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge